613 F.2d 497
 UNITED LAND CORPORATION OF AMERICA, Z and S Development
Corporation, Marlene C. Wood, Trustee for the
Alpha Land Trust and Wendell W. Wood, Appellants,
v.
Hartwell P. CLARKE and George R. St. John, Appellees.
 No. 78-1077.
 United States Court of Appeals,
Fourth Circuit.
 Argued Aug. 23, 1979.
Decided Jan. 17, 1980.
 
 Edward D. Hess, Charlottesville, Va. (Carwile & Hess, Charlottesville, Va., on brief), for appellants.
 Paul M. Peatross, Charlottesville, Va., for appellee Hartwell P. Clarke.
 Francis McQ. Lawrence, Charlottesville, Va. (Frederick W. Payne, Deputy County Atty., Charlottesville, Va., on brief), for appellee George R. St. John.
 Before BUTZNER, HALL and PHILLIPS, Circuit Judges.
 BUTZNER, Circuit Judge:
 
 
 1
 United Land Corporation of America, Z and S Development Corporation, and the trustee and beneficiary of the Alpha Land Trust (who will be referred to collectively as United) appeal the district court's dismissal of their complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. Seeking recovery of compensatory and punitive damages, United alleges that it illegally was prevented from developing a subdivision by the county zoning administrator and the county attorney, who refused to issue a soil erosion permit. The district court ruled that United had no legitimate claim of entitlement to the permit, and therefore it was not deprived of any property interest in violation of the fourteenth amendment. The court also held that the complaint was deficient because it alleged neither racial discrimination nor class-based animus. Consequently, it concluded that the complaint failed to state a cause of action under 42 U.S.C. §§ 1983 and 1985(3). We affirm.
 
 
 2
 For the purpose of this appeal, the truth of the complaint's allegations must be accepted. Briefly, it alleges that United proposed to develop a housing subdivision on land in the South Rivanna River Watershed of Albemarle County, Virginia, which was zoned for this type of development. The county planning commissioner approved United's plan conditioned on receipt of a soil erosion permit from the zoning administrator. An advisory committee recommended approval of United's erosion and sediment control plan, and the administrator fixed the penalty of the requisite bond. United then tendered a proper bond with approved security. On other occasions the administrator had granted permits promptly upon approval by the advisory committee. United alleges that, nevertheless, the zoning administrator and the county attorney withheld the permit. In the meantime, a newly-elected board of supervisors, acting with knowledge of United's pending application, imposed an emergency moratorium on all permits for construction in the watershed. This ordinance, as amended and reenacted, remains in effect. United does not question the legality of the moratorium.
 
 
 3
 Virginia has enacted a comprehensive Erosion and Sediment Control Law. Va.Code Ann. §§ 21-89.1 to 89.15. Its legislative findings state:
 
 
 4
 The General Assembly has determined that the lands and waters comprising the watersheds of the State are great natural resources; that as a result of erosion of lands and sediment deposition in waters within the watersheds of the State, said waters are being polluted and despoiled to such a degree that fish, aquatic life, recreation and other uses of lands and waters are being adversely affected; that the rapid shift in land use from agricultural to nonagricultural uses has accelerated the processes of soil erosion and sedimentation; and further, it is necessary to establish and implement . . . a statewide coordinated erosion and sediment control program to conserve and to protect the land, water, air and other natural resources of the Commonwealth.
 
 
 5
 The Act provides that the Virginia Soil and Water Conservation Commission shall establish minimum standards for the effective control of soil erosion and that certain counties, among other political entities, must adopt an erosion and sediment control program. §§ 21-89.4 and 89.5. Subject to exceptions that are not pertinent to this case, no person may engage in any land disturbing activity until the project's erosion and sediment control plan has been approved by the appropriate officials, § 29-89.6, and no building permit may be issued until such approval is obtained. § 21-89.7. The Act also makes provision for administrative appeals and judicial review. § 21-89.10.
 
 
 6
 Complying with state law, Albemarle County enacted a comprehensive Erosion and Sedimentation Control Ordinance. Albemarle County Ordinance §§ 7-1 to 7-9. Its preamble sets forth the following purpose:
 
 
 7
 The purpose of this chapter is to conserve the land, water, air and other natural resources of the county and promote the public health and welfare of the people in the county by establishing requirements for the control of erosion and sedimentation, and by establishing procedures whereby these requirements shall be administered and enforced.
 
 
 8
 The ordinance prohibits any person from engaging in any land disturbing activity until the project's erosion and sediment control plan has been approved and a permit has been issued by the zoning administrator. § 7-3. The ordinance creates an advisory committee to review plans and make recommendations to the administrator. § 7-2. The administrator is directed to approve or disapprove the plan in accordance with the recommendations of the advisory committee, but before issuing a permit, he must require a secured performance bond in an amount he deems sufficient. The administrator may require the submission of an amended plan when inspection reveals that the controls are inadequate to accomplish the objectives of the ordinance. § 7-6. Any person aggrieved by the action of the administrator may appeal to the board of supervisors, whose decision is subject to judicial review. § 7-7.*
 
 
 9
 The county ordinance reenacting the emergency moratorium contains the following preamble:The purpose of this article is to protect against and minimize the pollution and eutrophication of the South Rivanna River Reservoir, resulting from development in the drainage basin thereof on an interim basis, pending the completion of studies designed to determine the effect of such development upon the reservoir. It is hereby found by the board of supervisors as a matter of legislative determination that this article is necessary to prevent pollution of the reservoir and to protect the health, safety and welfare of the people of the county. § 7-10.
 
 
 10
 The moratorium withdrew from the zoning administrator authority to issue permits for any development in the South Rivanna River Watershed. United's complaint alleges that the administrator and the county attorney advised the board of supervisors of United's pending application. The ordinance enacting the moratorium contained no exception for United's project.
 
 
 11
 The statutory limitations fixing the time within which the zoning administrator must act on a pending application are critical to the resolution of this controversy. The state law provides:
 
 
 12
 The plan-approving authority shall, within forty-five days, approve any such plan if it determines that the plan meets the conservation standards of the local control program and if the person responsible for carrying out the plan certifies that he will properly perform the erosion and sediment control measures included in the plan and will conform to the provisions of this article;
 
 
 13
 The plan-approving authority . . . must act on all plans submitted within forty-five days from receipt thereof by either approving said plan in writing or by disapproving said plan in writing and giving the specific reasons for its disapproval. When a plan submitted for approval under this section is found, upon review by the respective agency, to be inadequate, such agency shall specify such modifications, terms, and conditions as will permit approval of the plan and communicate these requirements to the applicant as herein required. If no action is taken by the plan-approving authority or Commission within the time specified above, the plan shall be deemed approved and the person authorized to proceed with the proposed activity. Va.Code Ann. §§ 21-89.6(b)(1) and (c).
 
 The county ordinance provides:
 
 14
 The zoning administrator shall, in accordance with the recommendations of the advisory committee, approve or disapprove the plans and specifications as submitted; provided, that prior to taking action, the zoning administrator may refer to the committee such specific questions concerning the application as may be reasonably necessary to the proper administration of this chapter; but provided further, that in any event, the zoning administrator shall approve or disapprove the plans and specifications within forty-five calendar days after application is made. § 7-5(c).
 
 
 15
 United contends that because the advisory committee approved its plan and it tendered a proper bond with security in the penalty fixed by the administrator, its right to a permit vested during the 45-day period. All that remained to be done, it says, was the performance of a ministerial act by the administrator formal issuance of the permit. United asserts that the administrator's refusal to issue the permit, before the expiration of the 45-day period and the imposition of the emergency moratorium, was arbitrary and capricious. His refusal, United alleges, denied it equal protection of the law and deprived it of its right to the permit without due process of law.
 
 
 16
 In contrast, the zoning administrator and the county attorney contend that the statute and ordinance afford the administrator 45 days in which to determine, in the exercise of his discretion, whether he should issue a permit. Because the administrator did not issue the permit within 45 days and because the intervening moratorium prevented issuance of permits for projects in the watershed, they contend that United had no protectible interest in the permit. It was the moratorium, they assert, not any dereliction on the part of the administrator, that prevented United from going forward with its project.
 
 
 17
 In agreement with the district court, we construe the statute and the ordinance to confer on the zoning administrator discretionary authority to issue the permit and to afford him 45 days in which to exercise his discretion. It is obvious that approval by the advisory committee did not require the administrator to issue the permit perfunctorily. He was required to fix the penalty of the bond, and nothing in the statute or ordinance prevented him from changing his initial appraisal of the situation within 45 days. Moreover, the breadth of his discretion is illustrated by § 7-6(f) of the ordinance which authorizes him to require amendments to an approved plan if his inspection discloses that the plan is inadequate to accomplish the law's objective. The only statutory limitation upon his exercise of discretion is the 45-day limit placed on his consideration of the plan. The 45 days which the statute allows the administrator to consider the plan distinguishes this case from Planning Commission v. Berman, 211 Va. 774, 180 S.E.2d 670 (1971), on which United primarily relies.
 
 
 18
 We find neither abuse of discretion nor caprice in the zoning administrator's refusal to issue the permit within the 45-day period. Although the complaint alleges that the zoning administrator had on previous occasions promptly accepted bonds and issued permits after the advisory committee approved plans, it does not allege that he issued any permits to similarly situated developers for projects in the watershed while United's application was pending. Furthermore, the enactment of the moratorium was in effect a legislative declaration by the board of supervisors that the administrator's refusal to issue the permit was compatible with the purpose of the county's Erosion and Sedimentation Control Ordinance.
 
 
 19
 The allegations of the complaint fall short of establishing that either state law or the county ordinance entitled United to an erosion control permit. Because United had no protectible property interest in the permit, the zoning administrator and county attorney did not infringe its rights secured by the fourteenth amendment. Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 584 (1972). We therefore affirm the district court's dismissal of the complaint for failure to state a cause of action under 42 U.S.C. § 1983.
 
 
 20
 The complaint also alleges that the zoning administrator and the county attorney conspired between themselves and with others for the purpose of denying United the equal protection of the laws in violation of 42 U.S.C. § 1985(3). It does not allege that they acted with any racial or class-based invidiously discriminatory motivation. Because of this omission and because we have concluded that the complaint is insufficient to establish that the administrator and the county attorney acted illegally, we affirm the district court's dismissal of the complaint for failure to state a cause of action under § 1985(3). See Griffin v. Breckinridge, 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.E.2d 338 (1971).
 
 
 21
 AFFIRMED.
 
 
 
 *
 United has not sought administrative or judicial review pursuant to this section. It filed a petition for mandamus in the state court which it has not prosecuted to final judgment. It did not seek mandamus in the federal court but confined its prayer for relief to monetary damages