CONTRA COSTA THEATRE, INC., a corporation, Plaintiff,

v.

CITY OF CONCORD, a municipal corporation, et al., Defendants.

No. C–80–3564–WWS.

United States District Court, N. D. California.

Nov. 26, 1980.

Samuel L. Holmes, Angell, Holmes & Lea, San Francisco, Cal., for plaintiff.

Lee Rosenthal, Goldfarb & Owens, James T. Wilson, Crosby, Heafey, Roach & May, Oakland, Cal., for defendants.

## ORDER

WILLIAM W. SCHWARZER, District Judge.

Plaintiff unsuccessfully applied for a permit to the defendant city's planning department for a use that admittedly conflicted with existing zoning ordinances and with the city's amended redevelopment plan. Alleging that the hearing it was accorded

on the permit application was a sham, plaintiff seeks to recover damages under 42 U.S.C. § 1983 for the deprivation of its constitutional rights to due process and equal protection.

## DUE PROCESS

The requirements of due process apply only to the deprivation of interests encompassed by the fourteenth amendment's protection of liberty and property. *Board of Regents v. Roth*, 408 U.S. 564, 569, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972). No liberty interest was at stake in the use permit hearing. Therefore, whether the constitutional requirements of due process applied must turn on whether plaintiff had a constitutionally protected property interest in its application for a use permit.

■ The fourteenth amendment's procedural protection of property is a safeguard of the security of interests a person has already acquired in specific benefits. *Roth, supra*, 408 U.S. at 576, 92 S.Ct. at 2708. Property interests are "created, and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Heath v. Rosebud Hosp. Dist.*, 620 F.2d 207, 210 (9th Cir. 1980), quoting *Roth, supra*, at 577, 92 S.Ct. at 2709.

Plaintiff has identified no California statute, rule or other authority to support a claim of entitlement to a permit to expand or create a nonconforming use. A review of California decisions reveals that it could have no vested interest in such a permit.

■ Under California law, even when a permit is issued in accordance with existing zoning regulations, no right to complete that project vests unless an owner has obtained all of the necessary permits and performed substantial work and incurred substantial liability in good faith reliance on that permit. *Avco Community Developers, Inc. v. South Coast Regional Comm'n*, 17 Cal.3d 785, 791, 132 Cal.Rptr. 386, 553 P.2d 546 (1976), *cert. denied*, 429 U.S. 1083,

97 S.Ct. 1089, 51 L.Ed.2d 529 (1977); *Billings v. Calif. Coastal Comm'n*, 103 Cal. App.3d 729, 735, 163 Cal.Rptr. 288 (1980). If the zoning laws are changed after the issuance of a permit, it may be revoked without infringing on a vested right. *See Russian Hill Improvement Ass'n v. Board of Permit Appeals*, 66 Cal.2d 34, 39, 56 Cal. Rptr. 672, 423 P.2d 602 (1967). Accordingly, the mere application for a permit confers no vested property interest in the applicant, *Stoddard v. Edelman*, 4 Cal.App.3d 544, 551, 84 Cal.Rptr. 443 (1970), even if the intended use conforms to the zoning regulations in existence at the time of the application. *Selby Realty Co. v. City of San Buenoventura*, 10 Cal.3d 110, 125, 109 Cal.Rptr. 799, 514 P.2d 111 (1973).

■ Plaintiff correctly asserts that in denying its application the planning commission was acting in a quasi-judicial rather than legislative capacity. *See City of Fairfield v. Superior Court*, 14 Cal.3d 768, 772 n.1, 122 Cal.Rptr. 543, 537 P.2d 375 (1975); *Topanga Ass'n for a Scenic Community v. County of Los Angeles*, 11 Cal.3d 506, 517, 113 Cal.Rptr. 836, 522 P.2d 12 (1974). It is the nature of the interest at stake in the proceeding, however, and not the nature of the proceeding that determines whether constitutional requirements of due process apply. *Roth, supra*, 408 U.S. at 571, 92 S.Ct. at 2706. Alleged violations of "rights" that arise exclusively out of a failure to comply with the procedures provided by city charter, ordinances and regulations do not sustain a federal constitutional claim. *State of Missouri ex rel. Gore v. Wochner*, 620 F.2d 183, 185 (8th Cir. 1980).

■ California Code of Civil Procedure section 1094.5 provides for the judicial review of such quasi-judicial decisions, including a determination of whether there was a fair trial or abuse of discretion, regardless of the nature of the underlying interest. The scope of this statutorily provided review is determined by whether or not a constitutionally protected property right is at issue. *Stanson v. San Diego Coast Regional Comm'n*, 101 Cal.App.3d 38, 161 Cal. Rptr. 392 (1980). If no fundamental vested

right is affected, the inquiry is limited to whether the findings are supported by substantial evidence in the light of the whole record. *Strumsky v. San Diego County Employees Retirement Ass'n.*, 11 Cal.3d 28, 32, 112 Cal.Rptr. 805, 520 P.2d 29 (1974). Because no fundamental vested right is affected, where application is made for a variance or a conditional use permit, judicial review is limited to the substantial evidence test. *Stoddard, supra*, 4 Cal.App.3d at 551, 84 Cal.Rptr. 443; *Topanga, supra*, 11 Cal.3d at 510, 522 P.2d 12; *McDonald's Systems of Cal. Inc. v. Board of Permit Appeals*, 44 Cal.App.3d 525, 547, 119 Cal.Rptr. 26 (1975).

■ Under California law, plaintiff had no protected property rights in its application for a use permit. Therefore, it cannot state a claim under Section 1983 for denial of such a permit without due process. And where no constitutionally protected property interest is at stake, there is no basis for a federal court to examine the claim that the procedures actually followed were not in accordance with state requirements. *Burns v. Sullivan*, 619 F.2d 99, 104–105 (1st Cir. 1980). *See also Leis v. Flynt*, 439 U.S. 438, 99 S.Ct. 698, 58 L.Ed.2d 717 (1978) (because out-of-state lawyer had no protected interest in appearing in a state's courts, that lawyer could state no cause of action under section 1983 for the deprivation of procedural due process in the ruling on his application to appear) and *McElearney v. Univ. of Ill.*, 612 F.2d 285, 291 (7th Cir. 1979) (the fact that defendants voluntarily afforded plaintiff a grievance hearing and internal appellate review was insufficient to invoke federal constitutional protections for defects in the hearing process).

Notwithstanding the clear holding in *Roth*, plaintiff attempts to argue that regardless of the nature of the interest at stake, if a hearing is required by the applicable rules, ordinances or statutes, then a denial of due process in the conduct of such hearing gives rise to a cause of action under Section 1983.

Plaintiff principally relies on *Hornsby v. Allen*, 326 F.2d 605 (5th Cir. 1964), which held, without discussion of the nature of the interest at stake, that the denial of due process and equal protection in connection with a hearing on a liquor license application gave rise to a cause of action under section 1983 for the violation of the plaintiff's fourteenth amendment rights. This proposition is now clearly untenable in the light of the Supreme Court's ruling in *Roth* that the requirements of procedural due process apply only to the deprivation of interests protected by the fourteenth amendment. *Roth, supra*, 408 U.S. at 569, 92 S.Ct. at 2705. *See, e.g., Shamie v. City of Pontiac*, 620 F.2d 118, 120 (6th Cir. 1980) (a first-time liquor license applicant had no protected interest under state law and therefore no cause of action under section 1983 for denial of due process in the ruling on his application).

The remaining pre-*Roth* cases cited by plaintiff are inapposite for the additional reason that each concerned the deprivation of a protected property interest. *McGuire v. Sadler*, 337 F.2d 902 (5th Cir. 1964) concerned the deprivation of an interest in land; *Rose Chalet Functions Corp. v. Evans*, 264 F.Supp. 790 (D.Mass.1967), involved the suspension of a restaurant's food license; and *Mansell v. Saunders*, 372 F.2d 573 (5th Cir. 1967), concerned the loss of an ongoing garbage collection business.

Plaintiff has cited several post-*Roth* cases but again its reliance is misplaced. In *Cordeco Development Corp. v. Santiago Vasquez*, 539 F.2d 256 (1st Cir. 1976), the plaintiff claimed not lack of due process, but the denial of equal protection. There, a land owner complained that defendants unreasonably delayed issuance of an extraction permit while granting such permits to favored owners of adjoining property. *Barbaccia v. City of Santa Clara*, 451 F.Supp. 260 (N.D.Cal.1978), involved an allegation of unconstitutional taking. In *Simineo v. School Dist. No. 16, Park County*, 594 F.2d 1353 (10th Cir. 1979), the plaintiff was a teacher with a property right in her contract under state law, clearly entitled under *Roth* to due process before termination. In *Marty's Adult World of New Britain, Inc. v. Guida*, 453 F.Supp. 810, 818 (D.C.Conn.

1978), plaintiff, after having acquired a building permit, was denied an electrical permit, refused necessary inspections and subjected to harassment by the authorities resisting his project.

### EQUAL PROTECTION

Plaintiff claims that the allegedly improper hearing constituted a denial of equal protection as well as due process because its application was not considered in a fair and impartial manner and in accordance with the laws and ordinances applicable to all other applicants.

This claim is merely an attempt to recast the due process allegations as a deprivation of equal protection. Plaintiff has alleged no additional facts to support a claim that it was treated differently from any other applicant similarly situated. There are no allegations for example, that the planning commission issued any permits to expand or create similar nonconforming uses to applicants within the redevelopment zone. *See United Land Corp. of America v. Clarke,* 613 F.2d 497, 501 (4th Cir. 1980) and *McElearney, supra,* 612 F.2d at 291.

> The equal protection clause is directed against laws of the states that are uneven or unequal as written or applied, so that there is discrimination against a certain class of the populace or arbitrary enforcement of the law. It operates only on legal rights *otherwise created or existing* and does not itself create any new legal rights, except the general right to equal protection of the law.

*Curtis v. Rosso & Mastracco, Inc.,* 413 F.Supp. 804, 808 (E.D.Va.1976).

Where, as here, no fundamental interest is at stake, the allegedly unequal application of a provision can be challenged only if it is totally lacking in rational justification or is patently arbitrary. *Fielder v. Cleland,* 433 F.Supp. 115, 118 (E.D.Mich. 1977) *aff'd* 577 F.2d 740 (1978). As it appears from the face of the complaint that the use in question was prohibited by all three governing ordinances as a matter of law, it cannot be said that the denial of the permit lacked any rational justification or was totally arbitrary.

Therefore, plaintiff has failed to state a claim cognizable under section 1983. The complaint will be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, with leave to amend, if desired, within twenty days from the date of this order.

IT IS SO ORDERED.