Bires. Such findings are important in assessing the probative value of the evidence of apparent non-compliance at the Tigard store. Moreover, the court neither discussed nor made findings on the arguably legitimate, non-retaliatory reasons advanced by Reynolds at trial to explain the situation at the Tigard store. We are unable to determine whether the court considered these explanations, and, if so, whether it found them unpersuasive or rebutted as pretextual by Bires.

 Most important, the court failed to make a finding that Fred Meyer acted with a retaliatory intent or motive in implementing the policies in question. Instead, the court stated that "[w]hile the intent of both Baker and Reynolds may have been purely to implement a desirable business policy, the conclusion is inescapable that the change, insofar as it applied to [Bires], was taken as retaliation for her earlier discrimination claim." Although ambiguous, this statement appears to us to mean that the court considered Fred Meyer's intent irrelevant to the question whether its actions were retaliatory.[6] Proof of discriminatory intent, however, is a necessary element of a disparate treatment claim under Title VII. *E.g., Piva v. Xerox Corp.,* 654 F.2d 591, 594 (9th Cir. 1981); *Heagney v. University of Washington,* 642 F.2d 1157, 1163 (9th Cir. 1981). Bires was therefore required to prove that Fred Meyer acted, at least in part, with a retaliatory intent or motive. *See Womack v. Munson, supra,* 619 F.2d at 1297; *Monteiro v. Poole Silver Co.,* 615 F.2d 4, 9 (1st Cir. 1980). Thus, if the intent of Baker and Reynolds was in fact purely to implement a legitimate business policy, the conclusion would be inescapable that the change in Bires' status, pay and work schedule was not taken as retaliation for her EEOC complaint.

**6.** We cannot say, as Fred Meyer contends, that the court's statement represents a finding that the intent of Baker and Reynolds was in fact purely to implement a legitimate business policy, thereby precluding a finding that Fred Meyer violated § 704(a). The statement is too ambiguous for us to give it such effect.

CONCLUSION

For the above reasons, the judgment against Fred Meyer is VACATED and the case REMANDED to the district court for reconsideration and clarification in light of this opinion.[7]

**CONTRA COSTA THEATRE, INC., a corporation, Plaintiff/Appellant,**

v.

**CITY OF CONCORD, a municipal corporation, Redevelopment Agency of the City of Concord, William H. Dixon, Richard L. Holmes, June V. Bulman, Laurence B. Azevedo, Richard T. La Pointe, Farrel A. Stewart, Richard C. Stockwell, Peter H. Hirano, James Murphey, Edward H. Phillips, Gary M. Campbell, Harold Ostling, Harry L. York, Robert T. Barkoff, Lynnet A. Keihl, David Steele, Robert C. Bingham, Jon Q. Reynolds, Jr., Milton D. Redford, David A. Brown, Delta Bingham Joint Venture, a partnership, Reynolds & Brown, a partnership, Defendants/Appellees.**

No. 81–4070.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 12, 1982.

Decided Sept. 8, 1982.

Rehearing Denied Nov. 29, 1982.

Samuel L. Holmes, Angell, Holmes & Lea, San Francisco, Cal., for plaintiff/appellant.

**7.** Because the finding of constructive discharge was premised entirely on the district court's conclusion that the adverse changes in Bires' status, pay and work schedule were the result of unlawful retaliation, it must also be vacated and remanded.

James T. Wilson, Crosby, Heafy, Roach & May, Lee Rosenthal, Goldfarb & Owens, Oakland, Cal., for defendants-appellees.

Before CHOY, PREGERSON and POOLE, Circuit Judges.

PER CURIAM:

On the basis of the district court's opinion, reported at 511 F.Supp. 87 (N.D.Cal. 1980), the decision of the district court is AFFIRMED.

**In re THC FINANCIAL CORP., A Hawaii Corporation, Debtor.**

**EMPLOYEES' RETIREMENT SYSTEM OF the STATE OF HAWAII, Appellant,**

v.

**J. Carl OSBORNE, Trustee in reorganization for the THC Financial Corp., A Hawaii Corporation, Appellee.**

No. 81–4358.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 22, 1982.

Decided Sept. 8, 1982.