787 F.2d 590
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
GEORGE GUSLEY, et al. Plaintiffs-Appellants,
v.
CITY OF CLEVELAND, et al. Defendants-Appellees.
 85-3119
 United States Court of Appeals, Sixth Circuit.
 3/20/86
 
 AFFIRMED
 N.D.Ohio
 ON APPEAL FROM THE UNITED STATES CISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO
 Before: ENGEL, MILBURN and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiffs George and Mike Gusley appeal from the summary judgment entered against them in their 42 U.S.C. Sec. 1983 suit. The Gusleys asserted that they were deprived of their property without due process of law, in violation of the Fifth and Fourteenth Amendments. This alleged deprivation was caused by the arbitrary change in zoning of their property.
 
 
 2
 The Gusleys own a parcel of real property located at 3901 West 25th Street, Cleveland, Ohio. From November 29 through July 21, 1974, the property was zoned for general industrial use. At some time between May 29, 1974 and July 26, 1974, plaintiffs submitted a purported application for a use permit to the Division of Buildings of the Department of Community Development of the City of Cleveland, so that their tenant, Richard Wellman, could operate an auto salvage operation on the premises. The permit was not granted; it is disputed whether the application was properly filed by the plaintiffs. Wellman began operating his salvage yard without a permit on or about June 1, 1974.
 
 
 3
 Through an ordinance effective July 21, 1974, the Cleveland City Council changed the use classification of plaintiffs' property to the more restrictive classification of semi-industry. On July 26, 1974, an inspector of the Building Division inspected the auto salvage operation, and recommended that it be closed. On that same day, plaintiffs appealed to the Board of Zoning Appeals to continue using the property as an auto salvage operation. After hearings on September 30, 1974 and October 21, 1974, the Board of Zoning Appeals unanimously denied plaintiffs' appeal.
 
 
 4
 Plaintiffs then successfully prosecuted an administrative appeal to the Court of Common Pleas of Cuyahoga County pursuant to Ohio Revised Code, ch. 2506. The assignments of error asserted by the plaintiffs were:
 
 
 5
 A. That the Defendant-Appellees erred in their decision and order by and through its Board of Zoning Appeals, under date of October 21, 1974.
 
 
 6
 B. That the Defendant-Appellees erred in that their refusal to grant a use permit to the Plaintiff-Appellant was arbitrary, unreasonable, capricious, illegal, unconstitutional and contrary to the intent and purposes of the zoning ordinances.
 
 
 7
 C. That the Defendant-Appellees did eliminate a vested legal right of the Plaintiff-Appellant in rezoning the property of the said Plaintiff-Appellant from a general industrial area to a semi-industrial area.
 
 
 8
 D. That the Defendant-Appellees rezoned the property of the Plaintiff-Appellant and that such rezoning did constitute 'Spot Zoning' contrary to the Constitution of the United States and the Constitution of the State of Ohio.
 
 
 9
 E. That the Defendant-Appellees by rezoning the property of the Plaintiff-Appellant, did thereby eliminate and/or reduce and/or limit the lawful use of his property to which he is entitled under the Codified Ordinances of the City of Cleveland.
 
 
 10
 All five assignments of error were argued in briefs submitted to the court. On September 4, 1975, the court reversed the Board of Zoning Appeals in a decision issued without opinion. No appeal was taken from the Court's judgment.
 
 
 11
 Plaintiffs initiated this action in the United States District Court for the Northern District of Ohio to recover damages based on the loss of their tenant due to rezoning action. The district court found that plaintiffs were required to establish, as a predicate to their action, that they had a valid use of the property as an auto salvage yard prior to the adoption of the more restrictive zoning classification. If the use was not allowed prior to the rezoning, plaintiff suffered no injury by the later restriction. Finding that there was no valid prior use established, the district court granted summary judgment for the defendant.
 
 I.
 
 12
 In order to maintain their 42 U.S.C. Sec. 1983 action, plaintiffs must show that they were deprived of a property right without due process of law. They must show a legitimate claim of entitlement to their property interest. Board of Regents v. Roth, 408 U.S. 564, 577 (1972). In the zoning context, they must show that they had a protectable property interest in a permit prior to the rezoning action. Scott v. Grenville County, 716 F.2d 1409, 1421 (4th Cir. 1983); United Land Corp. of America v. Clarke, 613 F.2d 497 (4th Cir. 1980). The district court held that plaintiffs did not establish such a use, and therefore did not suffer a loss to a protected property interest which would satisfy the requirements of a Sec. 1983 action.
 
 
 13
 The Gusleys argue that the district court erred in not giving due collateral estoppel effect to the Court of Common Pleas judgment, following Migra v. Warren City School District, 465 U.S. 75 (1984). They maintain that the state court decided that they were entitled to a use permit under the prior zoning classification, and that they had established a prior existing use. The district court, after a thorough review of the record of the proceedings before the Board of Zoning Appeals, held that the relief sought by the plaintiffs was a variance from the more restrictive use of the property occasioned by the rezoning ordinance. Therefore, the Court of Common Pleas decision did not hold that the plaintiffs had established a prior existing use of the property. The district court went on to find, based on the evidence before it, that the plaintiffs had not established such a use.
 
 
 14
 We cannot say that the district court erred. Since the Court of Common Pleas did not issue an opinion but merely ordered the decision of the Board of Zoning Appeals reversed, the meaning of the order is open to question. The assignments of error prosecuted by the plaintiffs appear to challenge the rezoning of the property rather than seek to establish that there existed a prior valid use of the property as a auto salvage yard. The district court's characterization of the relief sought by the plaintiffs before the Board of Zoning Appeals as a request for a variance is not clearly erroneous. Similarly, its decision that plaintiff did not establish that they met the requirements for a use permit under the less restrictive general industry classification is not clearly erroneous. Because plaintiffs did not establish a loss of a protected property interest, they did not establish a cause of action under Sec. 1983.
 
 II.
 
 15
 The Gusleys also claim that the zoning actions of the defendants constituted a taking of the Gusleys' property without just compensation, in violation of the Fifth and Fourteenth Amendments. Williamson County Regional Planning Comm. v. Hamilton Bank of Johnson City, ---- U.S. ----, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985), requires that a plaintiff first use the state's procedure for seeking just compensation before bringing a claim under the Fifth Amendment. Because the plaintiffs did not pursue a state remedy, and there is no claim that the state of Ohio does not have an adequate inverse condemnation law, the claim may not now be made here. Four Seasons Apartment v. City of Mayfield Heights, 775 F.2d 150 (1985).
 
 
 16
 For the reasons stated above, the judgment of the district court is affirmed.