**AUTOMOTIVE, PETROLEUM AND ALLIED INDUSTRIES EMPLOYEES' WELFARE FUND, a common law trust, and Robert Miller, John Guerra, Jack Glass, D.B. Guthrie, William Nix, and Edgar M. Hayward, trustees of the Automotive, Petroleum, and Allied Industries Employees' Welfare Fund, a common law trust, Plaintiffs,**

v.

**CHART AUTOMOTIVE GROUP, INC., Defendant.**

**No. 86–1630C(4)**

United States District Court, E.D. Missouri.

Dec. 11, 1986.

Clyde E. Craig, Wiley, Craig, Armbruster & Wilburn, St. Louis, Mo., for plaintiffs.

Harris, Dowell & Fisher, Chesterfield, Mo., for defendant.

**MEMORANDUM AND ORDER**

CAHILL, District Judge.

This matter comes before the Court on the defendant's motion to dismiss, or in the

alternative, motion on plaintiffs' motion to dismiss the defendant's counterclaim.

Plaintiffs bring this cause of action pursuant to Section 301 of the Labor Management Relations Act of 1947, as amended in 29 U.S.C. § 185(a), and Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended in 29 U.S.C. § 1132 and 1145. In their complaint, plaintiffs assert that the defendant was obligated by the terms of the parties' collective bargaining agreement to make payments into the Automotive Petroleum and Allied Industries Employees' Welfare Fund. Plaintiffs further assert that the defendant failed to make timely reports and payments to the Welfare Fund for the period of December, 1985 to the present date, as called for by the terms of the agreement.

Plaintiffs are unsure of the exact amount allegedly owed to the Fund. Based on knowledge and belief, however, plaintiffs have estimated the amount to be at least $2,860 for the period of December, 1985, to date, with additional contributions and interest accruing monthly thereafter.

In support of its motion, the defendant argues that the collective bargaining agreement referred to in the plaintiffs' complaint had been properly terminated prior to the time period for which the plaintiffs allege Chart Automotive is liable. The defendant argues that it was not obligated to make contributions into the fund during the period in dispute because the employees of Chart Automotive were on strike. Since the employees were on strike, the defendant argues that it had an absolute legal right to refuse to make payments into the Welfare Fund.

In opposition to the defendant's motion, it appears that plaintiffs are arguing notice of contract termination was never given by the Union. The plaintiffs have taken the position that the correspondence sent to the defendant was merely expressing the Union's intent to modify the terms and conditions of the collective bargaining agreement.

The Court will treat the defendant's motion as one for summary judgment in view of the affidavits and other documents which have been submitted in addition to the pleadings. Upon reviewing those documents, the Court comes to the following conclusion with respect to the defendant's entitlement to summary judgment.

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment may be granted if the record shows that there are no genuine issues of material fact, and the moving party establishes that it is entitled to a judgment as a matter of law. *See Snell v. United States*, 680 F.2d 545, 547 (8th Cir.1978); *Jackson v. Star Sprinkler Corp.*, 575 F.2d 1223, 1226 (8th Cir.1978). In considering a motion for summary judgment, the facts should be viewed in the light most favorable to the non-moving party, and such party should be given the benefit of all reasonable inferences to be drawn from the record. *See Hughes v. Rowe*, 449 U.S. 5, 10, 101 S.Ct. 173, 176, 63 L.Ed.2d 163 (1980). When applying these principles to the instant case, the Court is of the opinion that the defendant has shown its entitlement to summary judgment as a matter of law.

The defendant has correctly stated the law with regard to an employer's obligation to make contributions into an employee welfare fund during the course of a strike. "An employer is not required to finance a strike by paying wages for work not performed...." *See Ace Tank & Heater Company*, 167 NLRB No. 94; 66 LRRM 1129, 1131 (1967). Wages include payments into an employee benefit plan. *Id.*

It is not disputed by the parties that the employees represented by the Automotive, Petroleum and Allied Industries Employees' Union were on strike from November 7, 1985 through December 8, 1985. Therefore, Chart Automotive had a legal right to refuse to make contributions during the period of the strike.

Plaintiffs attempt to argue that the defendant was obligated to continue paying into the fund during the pendency of the strike pursuant to the parties' collective

bargaining agreement. Plaintiffs argue that the Union never gave written notice of contract termination. Plaintiffs maintain that since no written notice of termination was ever issued, the collective bargaining agreement remained in force.

If the Court were to take plaintiffs' assertion as being true, the defendant would have been obligated to continue its contribution to the Fund. Several factors in the case, however, clearly indicate that the contract was terminated. First, plaintiffs would clearly have been in violation of the collective bargaining agreement by going on strike. Second, if the agreement was still in effect, there would have been no need for the parties to temporarily extend the contract during contract negotiations. Third, by sending correspondence to the defendant indicating its desire to modify the contract, the Union clearly evidenced its intent not to be bound by the old contract. Even though the letter did not specifically state that the contract was to be terminated, for all practical purposes the letter put the defendant on notice that the plaintiffs no longer wished to be bound.

There being no obligation on the part of the defendant, either by contract or under the law, to continue to make contributions, the defendant has clearly established its right to summary judgment.

As for the defendant's counterclaim, the law clearly states that an employer lacks standing to maintain suit under ERISA for an alleged breach of the fiduciary duty of a Fund trustee. *See Southeast and Southwest Areas Pension Fund v. Jack Cole-Dixie Highway Company*, 642 F.2d 1122 (8th Cir.1981). *See also Central States, Southeast & Southwest Areas Pension Fund v. Jack Cole-Dixie Highway Co.*, 511 F.Supp. 38 (D.Minn. 1980). Since the defendant lacks standing, its counterclaim must be dismissed. Accordingly,

IT IS HEREBY ORDERED that the defendant's motion for summary judgment is GRANTED.

IT IS FURTHER ORDERED that plaintiffs' motion to dismiss the defendant's counterclaim is GRANTED.

SO ORDERED.