10 F.3d 806
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
CAROL SQUARE CORPORATION; Occoquan Land Development
Corporation; Southern Cross Coal Corporation; R.
E. Adkins, Plaintiffs-Appellants,
v.
FAIRFAX COUNTY; Claude G. Cooper; Cecil E. Atkins; Audrey
Moore, Defendants-Appellees.
 No. 91-2064.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: October 27, 1992.
Decided: November 18, 1993.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.
 Michael E. Brier, for Appellants.
 David J. Fudala, Hall, Markle, Sickels & Fudala, P.C., for Appellees.
 E.D.Va.
 AFFIRMED
 Before WIDENER, HALL, and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 R. E. Adkins, real estate developer and sole owner of Carol Square Corporation, Occoquan Land Development Corporation, and Southern Cross Coal Corporation, the remaining Appellants, appeals the district court's grant of a directed verdict to Fairfax County in his 42 U.S.C. Sec. 1983 action. We affirm.
 
 
 2
 The present appeal results from an earlier remand by this Court. The factual scenario forming the basis for the constitutional claim is summarized in this Court's earlier opinion. See Carol Square Corp. v. Fairfax County, No. 90-1408 (4th Cir. Sept. 17, 1990) (unpublished). Adkins claimed that his due process and equal protection rights were violated when the county and two of its officials revoked three building permits issued to him. The county and its officials then refused to reinstate the permits prior to Adkins's compliance with the building code.
 
 
 3
 After the building permits were issued, the county received complaints by owners of neighboring properties expressing concern that the permits had been issued. Defendant Cooper, acting as Director of the Department of Environmental Management, revoked the permits as granted in error, stating that the application did not include complete and accurate information about soil and drainage conditions. Adkins did not reapply for the permits or provide the information requested by Cooper. Instead, he appealed the revocation to the Fairfax County Board of Building Code Appeals and to the State Building Code Technical Review Board. Both agencies ordered the building permits conditionally restored. The State Review Board conditioned the permits on compliance with the provisions of the Virginia Uniform Statewide Building Code.
 
 
 4
 The case was then appealed to the state circuit court, the Virginia Court of Appeals, and the Virginia Supreme Court. The final result of the state court litigation, however, was the Virginia Supreme Court's holding that the County's original appeal to the circuit court was not timely filed. The earlier decision of the State Review Board was dispositive. The permits were reinstated subject to revisions of the site plan and foundation design to deal with soil and floodplain problems.
 
 
 5
 The district court had originally granted the Defendants' Motion to Dismiss on the grounds of res judicata. This Court, holding that the res judicata grounds were no longer viable because of the Virginia Supreme Court's decision, reversed the district court's grant of summary judgment to the Defendants and remanded the claim. Carol Square Corp., slip op. at 6-7. This Court stated, however, that on the record then before it, Adkins could not show that he had been deprived of a vested right in an unconditional building permit. The Court reviewed the earlier rulings of the state boards and found that at most Adkins had a right to restoration of the permit conditioned on compliance with the provisions of the Virginia Uniform State Building Code in effect at the time the permits were issued, citing Occoquan Land Dev. Corp. v. Cooper, 389 S.E.2d 464 (Va. 1990).
 
 
 6
 The instant appeal follows the trial of that issue and the district court's grant of a directed verdict. The district court found that no individual liability was established. One individual, Atkins,* did no more than make a remark which he should not have made. Because Atkins was not a decision maker, the district court determined, he could not deprive the Appellant of his constitutional rights. A second individual, Moore, merely investigated a neighbor's complaint and followed-up on that investigation. Again, she could not be held liable for deprivation of constitutional rights.
 
 
 7
 Finally, according to the district judge, the facts showed no more than a routine disagreement between a developer and county building authorities. While Adkins may have had a protected interest in the building permit, he did not have an unconditional vested right to the permits. Adkins appealed.
 
 
 8
 The standard of review for the grant of a directed verdict is whether the evidence, taken with every fair and reasonable inference in the light most favorable to the party against whom the motion is made, supported liability. Hofherr v. Dart Indus., Inc., 853 F.2d 259, 261-62 (4th Cir. 1988). The district court correctly granted a verdict for the Defendants because Adkins was unable to make out a claim for deprivation of his constitutional rights.
 
 
 9
 In Gardner v. City of Baltimore Mayor, 969 F.2d 63 (4th Cir. 1992), this Court identified, in the land use context, the initial step in determining whether a denial of substantive due process has occurred: plaintiff must possess a property interest cognizable under the Fourteenth Amendment. Because the Fourteenth Amendment itself creates no property interest, state law must be examined. To identify such property interests created under state law, the Court adopted a claim of entitlement standard; a protected property interest exists "only when the discretion of the issuing [state] agency is so narrowly circumscribed that approval of a proper application is virtually assured," Gardner, 969 F.2d at 68 (citing RRI Realty Corp. v. Southampton, 870 F.2d 911, 918 (2d Cir.), cert. denied, 493 U.S. 893 (1989)); see also Scott v. Greenville County, 716 F.2d 1409 (4th Cir. 1983) (developer has cognizable property interest in permit where South Carolina law requires county to issue permit upon presentation of application and plans showing a use expressly permitted under existing zoning law); United Land Corp. v. Clarke, 613 F.2d 497 (4th Cir. 1980) (no deprivation of due process where county authorities in Virginia have discretion to refuse to issue permit).
 
 
 10
 Adkins asserted that in Virginia, a protected interest in a building permit may be created when a developer has complied with all provisions of local ordinances and the usual procedures and requirements, or is ready, willing, and able to comply. Under these circumstances, the issuance of a building permit is ministerial and mandatory. Planning Comm'n v. Berman, 180 S.E.2d 670, 672 (Va. 1971).
 
 
 11
 In this case, however, whether a protected interest exits has been the subject of years of state (and federal) litigation. The dispositive ruling came from the state Building Code Technical Review Board. The Board held that the permits were to be restored subject to the provisions of the Virginia Uniform Statewide Building Code in effect at the time the permits were issued. Adkins presented no evidence that he had complied with the code.
 
 
 12
 Soil and drainage problems were evidenced on the lots at the time of the original revocation of the permits. As appellees asserted, Adkins agreed that both the soils ordinance and the basic building code were incorporated in the uniform building code. These codes address the problem of foundation design and soil weight bearing capabilities. No soil studies were done on two lots; the soil study on the third lot did not meet the requirements of the problem soils ordinance. In addition, although the soil weight bearing capacity was below normal on one of the lots, no plans required by the codes were submitted.
 
 
 13
 Thus while Adkins's statement of the law is correct, his compliance or ability to comply with local ordinances and requirements is disputed. The district court correctly determined that evidence at trial revealed that Adkins had not shown that he had fulfilled the necessary conditions for issuance of a building permit. His constitutional claim has no merit because he has no property interest protected by due process. The district court properly held that the federal constitution is not implicated by a disagreement between a developer and county building authorities. Gardner, 969 F.2d at 63.
 
 
 14
 Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 15
 *His name should not be confused with the appellant, Adkins.