In the Matter of BENJAMIN A. REDMAN, Respondent, v. NEW YORK CITY TRANSIT AUTHORITY, Appellant.—

Petitioner passed the examination for transit patrolman in the New York City Transit Authority and was certified by its Department of Personnel for consideration of his appointment. On May 19,

1960 the Authority notified petitioner that he was considered for the position but was passed over and, therefore, would not be appointed. After written request for reconsideration, the Authority notified petitioner that his case had been reviewed, but that nothing further was brought to light which would warrant a reversal of the decision not to appoint him as a transit patrolman. The petition alleges that many men, who were lower on the list than petitioner, have since been appointed as patrolman by the Authority. The petition also alleges that petitioner has led an exemplary life, that he has been a credit to the community, that he has attended college for over a year majoring in police science, and that he has been employed by the State and the City Departments of Correction. The petition then charges that the Authority's continued refusal to appoint him is unreasonable, arbitrary and capricious. Petitioner asks that the Authority be directed to appoint him to the position of transit patrolman. The Authority had the right to select one of the three persons certified for the position (Civil Service Law, § 61, subd. 1). It was not required to select the one graded highest on the list. Neither the refusal to appoint, nor the refusal to give a reason for the failure to appoint, was arbitrary. Any other rule would convert the privilege of an eligible to be considered for appointment into a presumptive right to be appointed, in violation of the Constitution (*People ex rel. Balcom* v. *Mosher*, 163 N. Y. 32; *Matter of Delicati* v. *Schechter*, 3 A D 2d 19). It is true that where the appointing body does affirmatively state the reason for its action, the court may review the action taken and, if the court finds such reason to be arbitrary, it should remit the matter to the appointing body for further proceedings (*Matter of Anonymous* v. *New York City Tr. Auth.*, 4 A D 2d 953, affd. 7 N Y 2d 769; *Matter of Hamilton* v. *Monaghan*, 285 App. Div. 692, affd. 1 N Y 2d 877). But here the petition shows that the appointing body failed to assign any reason or explanation for its action. Nolan, P. J., Beldock, Christ, Pette and Brennan, JJ., concur.