■     In the Matter of ROBERT D. McCAMBRIDGE, Appellant, v JOHN FLYNN, as Commissioner of Suffolk County Department of Environmental Control, et al., Respondents.—In a proceeding pursuant to article 78 of the CPLR to compel the petitioner's appointment to a certain competitive civil service position, petitioner appeals from a judgment of the Supreme Court, Suffolk County, entered June 1, 1978, which dismissed the petition. Judgment modified, on the law, by adding to the end of the decretal paragraph the following: "except that the appointment of respondent Francavilla to the position of sewage plant operations supervisor is annulled". As so modified, judgment affirmed, without costs or disbursements. In February, 1977 the Suffolk County Civil Service Commission certified a list of eligibles for appointment to the position of sewage plant operations supervisor. Of the individuals certified, four expressed an interest in a vacancy existing for the position. Respondent Francavilla, whose examination grade was the third highest of the four, received the appointment. Petitioner, who had received the lowest grade of the eligibles, was the only Suffolk County resident among the four. He commenced the instant proceeding to compel his appointment to the position. Special Term properly denied the relief requested (see *Redman v New York City Tr. Auth.,* 14 AD2d 911; *Kaminsky v Leary,* 33 AD2d 552). However, it should have annulled the appointment of respondent Francavilla. Suffolk County, under the authority of subdivision 4-a of section 23 of the Civil Service Law, requires that eligibles who are residents of Suffolk County be certified first for appointment to county civil service positions (see Suffolk County Resolution No. 70-1975; County Executive Management Order No. 7-1975). Under this policy, petitioner, the only resident in the group, should have been ranked first among the eligibles. The highest graded nonresidents were entitled to the second and third rankings. One of these three individuals should have been appointed to the

position of sewage plant operations supervisor (see Civil Service Law, § 61). Respondent Francavilla, who, under this formula, was not one of the three highest-ranked eligibles, should not have been appointed to the position. Suozzi, J. P., Lazer, Gulotta, Shapiro and Cohalan, JJ., concur.