Robert J. Sweeney, Esq. Village Attorney, Freeport
In a telephone conversation elaborating on your request for an opinion, you inquired whether a village may give preference in promotion to positions in the competitive class of the civil service to residents of the village.
The municipal civil service commission may require municipal residency for candidates for examination to determine eligibility for appointment to a local position in the competitive class of the civil service (Civil Service Law, § 23 [4-a]; Matter of Hens v Colucci, 18 A.D.2d 762 [4th Dept, 1962], order affd without opn 14 N.Y.2d 816 [1964]). An appointing authority of a municipality may require that among those persons designated on an eligible list for appointment to a position in the competitive class, residents of the municipality be certified first for appointment (Civil Service Law, § 23[4-a]; Matter of McCambridge vFlynn, 69 A.D.2d 863 [2d Dept, 1979]). No such preference may be given by the appointing authority for appointments from promotion lists (Civil Service Law, § 23 [4-a]).
Unless an open competitive examination is authorized in accordance with section 51 of the Civil Service Law, vacancies in positions in the competitive class must be filled, as far as practicable, by promotion from among persons holding competitive class positions in a lower grade in the department in which the vacancy exists (Civil Service Law, §52 [1]). Promotion to a competitive position is based on merit and fitness as determined by examination with due weight given to seniority (Civil Service Law, § 52[2]). Promotion from an eligible list must be made by the selection of one of the three persons certified by the municipal civil service commission as standing the highest on the list and who are willing to accept the promotion (id., § 61[1]). Section23 (4-a) of the Civil Service Law thus prohibits the granting of a preference to local residents on appointments from promotion lists. The appointing authority must appoint one of the three persons having the highest standing on the promotion list and who are willing to accept the promotion.
The provisions of section 23 (4-a) of the Civil Service Law deal with residency at the time of examination and appointment for positions in the competitive class. We believe that a village by local law may impose a residency requirement, applicable at the time of appointment and during the employee's tenure, for all of its employees subject to the restrictions of sections 3 and 30 of the Public Officers Law (Municipal Home Rule Law, § 10[1][ii][a][1]). We note that existing law provides that only village residents are eligible to be appointed to village offices (Village Law, § 3-300 [1], [2]; Public Officers Law, § 3 [1]). Broader-than-village residency requirements are mandated for specific offices and positions, thus prohibiting disqualification of persons who are not village residents if they meet the broader requirements (Public Officers Law, §§ 3 and30).
We conclude that a village in making appointments from promotional lists to positions in the competitive class of the civil service, may not give preference to village residents. Subject to certain restrictions, a village may establish a residency requirement for appointment of village employees.