■ PHILIP W. SERVA, Respondent, v OFFICE OF COURT ADMINISTRATION OF STATE OF NEW YORK et al., Appellants. — In a proceeding pursuant to CPLR article 78 (1) to compel appellants to grant a preference to petitioner, whose name is the only one remaining on the promotion unit eligible list in the Tenth Judicial District for the title of associate Surrogate's Court clerk and is one of two names on the State-wide general promotion list established for that same title, over the eligible persons whose names appear on the open-competitive list for that title, and (2) to enjoin appellants from making any appointments from the open-competitive list for the title of associate Surrogate's Court clerk until said preference is granted, the appeal is from a judgment of the Supreme Court, Nassau County (Pantano, J.), dated October 1, 1981, which directed that the names of candidates on the two promotion lists be placed at the head of the open-competitive list and ordered the chief clerk of the Surrogate's Court, Suffolk County, to make a selection for appointment to the vacant position "according to the rule of '1' of '3' ". Judgment reversed, on the law, without costs or disbursements, and proceeding dismissed, on the merits. On September 10, 1979, the Office of Court Administration (hereinafter OCA) announced both a promotional and an open-competitive examination for the title of associate Surrogate's Court clerk. While the promotional examination was limited to certain qualified employees of the Unified Court System, i.e., those employed on a permanent competitive basis in the titles of court clerk or senior court clerk, the open-competitive examination was open to all qualified applicants, whether members of the general public or employees of the Unified Court System who did not qualify for the promotional examination. The

examinations, identical in content, were administered on November 17, 1979. They resulted in the establishment of three eligible lists: a promotion unit list, a State-wide general promotion list and an open-competitive list. Petitioner, who had been a senior court clerk in the Supreme Court, Nassau County, since 1974, took the promotion examination and obtained a score of 71.5 and a rank of 11. The promotion unit and State-wide general promotion eligible lists were established on August 15, 1980, although certification was withheld for approximately one year pending the outcome of *Matter of Hewlett v Evans* (82 AD2d 920, app dsmd 56 NY2d 632), a lawsuit instituted by nonjudicial employees of the Surrogate's Court in Nassau County challenging the minimum qualifications required for taking the examinations for the subject title. The official announcements for the November 17, 1979 examinations fully apprised candidates that the State-wide general promotion list would not be used until the appropriate promotion unit list was exhausted. Furthermore, the appropriate promotion unit and State-wide general promotion lists resulting from the promotion examination would be used prior to the list established from the open-competitive examination. On August 3, 1981, all three lists were certified for use by the Suffolk County courts. The certification further advised that the promotional lists could be disregarded and only the open-competitive list considered if fewer than three acceptances were obtained from the promotional lists. Inasmuch as petitioner was the only eligible candidate appearing on the promotion unit list and was one of the two eligible candidates appearing on the State-wide general promotion list, the appellant Cipollino took the position that he was not required to canvas those lists in selecting a candidate for appointment but could proceed to make a selection from among the first three eligible candidates appearing on the list certified by OCA with respect to the open-competitive examination. Petitioner alleged that such practice violates the intent of section 60 of the Civil Service Law and 22 NYCRR 25.2 and 25.21. Special Term agreed and directed that the names of the eligible candidates on the two promotion lists be placed at the head of the open-competitive list and that a selection for appointment to the vacant position of associate Surrogate's Court clerk be made "according to the rule of '1' of '3'". We are of the view that the court-ordered preference was not warranted under the circumstances herein. The privilege of an eligible to be appointed is not to be construed as a presumptive right to appoint (*Matter of Redman v New York City Tr. Auth.*, 14 AD2d 911). It is well settled that public authorities enjoy a great deal of discretion in making appointments from a list of persons certified as eligible for a position (*Matter of Redman v New York City Tr. Auth., supra;* 48 NY Jur, Public Officers & Employees, § 334, p 187). Petitioner's injury would appear to be more theoretical than real insofar as his name remains at the top of the certificate of eligibles such that he is effectively considered for each vacancy on a 1 of 4 basis. Petitioner's allegations notwithstanding, he has no absolute right to be considered for appointment on a 1 of 3 basis. 22 NYCRR 25.21 (a) states: "25.21 Certification of eligibles. (a) *Certification of eligibles from prior list.* When an eligible list has been in existence for less than one year and contains the names of less than three persons willing to accept appointment, and a new list for the same position or group of positions is established, the names of the persons remaining on the old list shall have preference in certification over the new list until such old list is one year old, and during such period such names shall be certified along with enough names from the new list to provide the appointing officer with a sufficient number of eligibles from which selection for appointment may be made. Where an old list which has been in existence for one year or more is continued upon the establishment of a new list which contains less than three names the Chief

Administrator of the Courts may certify the names on the old list along with enough names from the new list to provide the appointing officer with a sufficient number of eligibles from which selection for appointment may be made" (cf. Civil Service Law, § 60, subd 1). The two lists on which petitioner's name appears were established on August 15, 1980. The open-competitive list was established on June 25, 1981, at a time when the prior promotional lists were less than a year old. However, at the time the instant proceeding was commenced on or about August 20, 1981, the promotion unit and State-wide promotion lists were more than one year old. Assuming, *arguendo,* that the list established pursuant to the open-competitive exam was a "new list," petitioner is no longer entitled to a preference pursuant to the language of the regulation. Nor does the second full sentence of 22 NYCRR 25.21 (a) inure to the benefit of petitioner since it denotes a situation in which an old list which has been in existence for one year or more is continued upon the establishment of a new list containing less than three names. The "new list" in this case contains substantially more than three names. Accordingly, the judgment is reversed and the proceeding is dismissed, on the merits. Mollen, P. J., Mangano and Brown, JJ., concur. Lazer, J., concurs in result.