■ Roy Porto, Appellant, v Town/Village of Harrison et al., Respondents. — In an action, *inter alia,* for a declaratory judgment declaring that defendants' "extra recruitment policy" as applied to plaintiff is discriminatory, unconstitutional, and void, plaintiff appeals from an order of the Supreme Court, Westchester County (Dachenhausen, J.), entered April 14, 1983, which granted defendants' motion to dismiss the complaint for failure to state a cause of action and failure to state a justiciable controversy. ¶ Order affirmed, with costs. ¶ The complaint in this action, *inter alia,* for a declaratory judgment asserts that plaintiff has been denied due process of law by the imposition, after he had completed all of the required steps for appointment to the Harrison Police Department, of the additional requirement that he submit to a polygraph examination. The complaint does not challenge the polygraph requirement itself, or the validity of the resolution instituting it, nor does it allege that others similarly situated to plaintiff have been treated differently. Thus, no equal protection question is presented. The sole claim, therefore, is that plaintiff was denied due process of law by the imposition upon him of a requirement for appointment that was not in existence at the time his application was originally completed, but before he was, in fact, appointed. ¶ Special Term was incorrect in holding that this claim presents a nonjusticiable question. This is not a question the courts are unequipped to answer (see *Jones v Beame,* 45 NY2d 402). Rather, the question presents a conflict between a governmental act and the alleged constitutional right of an individual. It is the business of the courts to resolve such disputes (see *New York Public*

*Interest Research Group v Carey,* 42 NY2d 527, 530). ¶ Special Term's alternative holding, that the complaint fails to state a cause of action, was, however, correct. Even if plaintiff was on the eligible list certified to defendants, a fact which he does not allege, he has no right to appointment and has failed to plead "any other legally protectible interest" (*Matter of Cassidy v Municipal Civ. Serv. Comm.,* 37 NY2d 526, 529). As this court has recently held, "[t]he privilege of an eligible to be appointed is not to be construed as a presumptive right to appointment" (*Serva v Office of Ct. Admin.,* 92 AD2d 587, 588). Thus, the imposition of the additional requirement is a matter within the discretion of the appointing authority and does not constitute a violation of plaintiff's rights. The order dismissing the complaint should be affirmed. O'Connor, J. P., Brown, Boyers and Eiber, JJ., concur.