Hon. Douglas H. White Commissioner New York State Division of Human Rights
You have requested an opinion as to the correct interpretation and application of Civil Service Law, § 23 (4) (a). That subdivision, in part, authorizes the appointing authority of a department or agency of a city or civil division to require that candidates on an eligible list who are residents of the city or civil division be certified first for appointment — i.e., in advance of non-resident eligibles. It continues as follows: "Upon exhaustion of the list of such resident eligibles, certification shall be made from the whole eligible list".
You ask whether you are correct in reading that sentence to mean that the appointing authority must exhaust the list of resident eligibles before
certification of eligibles may be made from the whole list. In our view, that is the correct reading. Once such a rule has been adopted, it must be followed in accordance with its terms. Agency rules, duly promulgated, are binding upon the agency as well as upon any other person who might be affected (Matter of Frick v Bahou, 56 N.Y.2d 777 [1982]). In this instance, the rule provides a list of resident eligibles which takes precedence over the full list and must be utilized until exhausted (Matterof McCambridge v. Flynn, 69 A.D.2d 863 [2d Dept, 1979]).
It should be noted, however, that a list is effectively exhausted when it contains the names of fewer than three persons willing to accept appointment — the "one-out-of-three" rule (Civil Service Law, §61 [1]). Thus, when the list of available residents is less than three, the next reachable non-resident(s) may be certified along with the remaining resident(s) so that there may be a selection from among three candidates (Matter of McCambridge, supra).
We conclude that when a city or civil division has elected to require the certification of residents for appointment in advance of non-residents, it must reduce to less than three the list of resident eligibles before non-residents may be certified.