■ In the Matter of FRANCISCO GUILBE, Appellant, v NEW YORK CITY BOARD OF EDUCATION et al., Respondents. [597 NYS2d 164] —In a proceeding pursuant to CPLR article 78 to compel the respondents to reinstate the petitioner to his employment as a school safety officer, the petitioner appeals from a judgment of the Supreme Court, Kings County (Williams, J.), dated April 9, 1991, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner was not entitled, after his discharge, to a hearing under the collective bargaining agreement. Both parties to that agreement agreed that the phrase "after training" was mistakenly omitted from the printed agreement. With that phrase, the provision in question did not authorize a hearing in the petitioner's case *(see, Chimart Assocs. v Paul,* 66 NY2d 570, 573; *Harris v Uhlendorf,* 24 NY2d 463, 467). Furthermore, because the petitioner was a probationary employee, in the absence of any statutes or rules to the contrary, he could be discharged for any reason that was not arbitrary and capricious and in bad faith *(see, Matter of Bonney v Dilworth,* 99 AD2d 468; *D'Aiuto v Department of Water Resources,* 51 AD2d 700). The respondents presented evidence that the petitioner had received unsatisfactory probation reports, and that, on one occasion, he was watching television when he was supposed to be on duty. Therefore, it cannot be said that the discharge of the petitioner was in bad faith.

The petitioner's other contentions are without merit. Bracken, J. P., Miller, O'Brien and Pizzuto, JJ., concur.