■ In the Matter of JEFFREY D. COULTHURST, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [647 NYS2d 97] —In a proceeding pursuant to CPLR article 78 to review a de-

termination of the New York City Civil Service Commission, dated February 24, 1993, which, *inter alia,* failed to order the petitioner's reinstatement with back pay to the probationary position of bus operator with the New York City Transit Authority, the appeal is from a judgment of the Supreme Court, Kings County (Yoswein, J.), dated June 1, 1994, which granted the petition, directed the New York City Transit Authority to reinstate the petitioner to his former probationary position for the period of February 2, 1992, to February 24, 1993, and awarded him back pay for that period.

Ordered that the judgment is reversed, on the law, with costs, the determination is confirmed, and the proceeding is dismissed on the merits.

As the New York City Transit Authority correctly contends, any failure to follow the procedure set forth in Civil Service Law § 50 (4) was cured by the hearing which the petitioner subsequently received before the New York City Civil Service Commission (*see, Flood v County of Suffolk,* 820 F Supp 709; *Griffin v Carey,* 547 F Supp 449; *Matter of Richie v Coughlin,* 148 AD2d 178, *cert denied* 498 US 824). Moreover, the petitioner was a probationary employee (*see generally, Matter of Guilbe v New York City Bd. of Educ.,* 193 AD2d 604) whose disqualification was properly upheld by the Civil Service Commission (*see generally, Matter of Roman v Brown,* 202 AD2d 321). Under these circumstances, the petitioner was not entitled to reinstatement and back pay for the period in question. Miller, J. P., O'Brien, Sullivan and Florio, JJ., concur.