■ In the Matter of TERRY J. HATALA, Appellant, v ELIZABETH McCAUL, as Acting Superintendent of Banking Department of the State of New York, et al., Respondents-Respondents. [677 NYS2d 564] —Judgment (denominated an order), Supreme Court, New York County (Bruce Allen, J.),

entered March 11, 1998, which, in a proceeding pursuant to CPLR article 78 seeking to annul respondent's determination denying petitioner a promotion to Supervising Bank Examiner, denied the petition, unanimously affirmed, without costs.

Petitioner was not promoted to the position of Supervising Bank Examiner even though his score on the civil service examination administered to determine eligibility for promotion to that position was higher than the scores of several others who were promoted. It is not disputed that petitioner was passed over for promotion notwithstanding his relatively superior test performance because he did not do as well as other eligible job aspirants in the evaluative interview conducted by the Banking Department's promotion committee. Contrary to petitioner's argument, respondent's use of an interview to determine which of the three then eligible candidates for promotion should in fact be promoted was well within the authorization of the Civil Service Law. Civil Service Law § 61 (1) affords a State agency broad discretion to adopt appropriate procedures to determine a candidate's merit and fitness for employment (*see, Matter of Cassidy v Municipal Civ. Serv. Commn.*, 37 NY2d 526, 528-529; *Matter of Archer v Riccio*, 201 AD2d 395), and such evaluative procedures may be promulgated and utilized, as they were here, notwithstanding prior publication of the relevant civil service eligibility list (*see, e.g., Porto v Town/Village of Harrison*, 100 AD2d 870).

Nor did respondent's use of an interview process, implicitly conceded by petitioner to be rationally related to the assessment of a candidate's merit for promotion, infringe petitioner's right to equal protection of the law. All of the candidates contemporaneously evaluated for promotion to the position of Supervising Bank Examiner, i.e., which is to say all of the similarly situated candidates for promotion, were subjected to the same evaluative process. Concur—Tom, J. P., Mazzarelli, Andrias and Saxe, JJ.