**David J. GALLO, Plaintiff,**

v.

**SUFFOLK COUNTY POLICE DEPARTMENT and County of Suffolk, New York, Defendants.**

**No. 02 CV 2615(AD)(SWW).**

United States District Court, E.D. New York.

Nov. 19, 2002.

Ciarelli & Dempsey, by Patricia A. Dempsey, Esq., of Counsel, Riverhead, NY, for Plaintiff.

Thomas J. Spota, District Attorney, Suffolk County, by Colleen Fondulis, Assistant District Attorney, Hauppauge, NY, for Defendants.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

On May 1, 2002, David J. Gallo ("Gallo" or the "plaintiff")˙filed a complaint against the Suffolk County Police Department ("Police Department") and the County of Suffolk, New York ("County") (collectively, the "defendants") alleging that the defendants violated 42 U.S.C. § 1983 based on the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

Presently before the Court is the defendants' motion to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ.P.").

## I. BACKGROUND

The following facts are taken from Gallo's complaint, which the Court takes to be true. In May 1996, Gallo applied to become a police officer and took the County civil service examination administered by the County's Civil Service Department. Thereafter, the County reported to him that he had been successful in the overall examination and that he had received a score of 98. Based on his residency within the Township of Riverhead ("Town"), Gallo was placed on a candidate eligibility list for police officers for both the Town and the County.

After successfully completing the physical and mental performance tests, Gallo was interviewed by Sergeant Frawley who

was the head of the Police Department's Applicant Investigations Section which routinely investigates candidates considered for the police officer positions for the Town. During the interview, Sergeant Frawley advised Gallo that he would be disqualified. As a result, on August 27, 1997, Gallo voluntarily signed a "declination letter" which effectively removed his name from the candidate eligibility list.

On May 22, 1999, Gallo again took the County civil service examination to become a police officer and received a score of 87.5. Subsequently, the Police Department conducted a new investigation. On or about October 2, 2000, Gallo was again interviewed by Sergeant Frawley. Sergeant Frawley concluded the interview, and on that same day, Gallo was fingerprinted and submitted a sum of $50.00 for a processing fee in connection with the County's polygraph test which was the final step in the investigative process. Thereafter, Sergeant Frawley advised him that contrary to what he had said to Gallo at the interview, Gallo would be deemed to be unqualified on the basis of his steroid use more than five years earlier. Sergeant Frawley advised Gallo to sign a second declination letter, but Gallo refused.

Then, in the spring of 2001, Gallo learned that he had been bypassed on the eligibility list and that the Town had appointed other candidates from the list who had scores equal to or less than Gallo's score of 87.5. Consequently, in May 2001, Gallo made inquiries with regard to his status on the eligibility list. Gallo discovered that a declination letter dated October 2, 2000 was in his applicant file and that based on this declination, he was removed from consideration for appointment as a police officer.

Gallo challenged the declination document and the Suffolk County District Attorney's Office investigated his claim. The investigation revealed that an unidentified individual had forged the declination letter. Gallo then requested reinstatement, and on October 24, 2001, County's Civil Service Department subsequently invalidated the October 8, 2000 letter and notified him that he was being restored to the eligibility list for police officers.

On or about March 11, 2002, Gallo was advised that his eligibility for appointment as a police officer was being challenged by the Police Department pursuant to Civil Service §§ 50 and 58 and Suffolk County Civil Service Rule 8. In a letter dated April 11, 2002, Gallo refuted the Police Department's allegations. While the Section 50 proceeding was pending, Gallo remained on the list of eligible candidates.

On April 22, 2002, after reviewing the Police Department's allegations and Gallo's response, the County Civil Service Department determined that his disqualification was not warranted. As result of this decision, Gallo claims that his retroactive reinstatement to the eligible list based on his score of 87.5 should have remained undisturbed.

On or about April 22, 2002, the Town appointed three candidates as police officers, and all three candidates were rated lower than Gallo on the eligibility list. These candidates entered the Suffolk County Police Academy on or about April 22, 2002 which was the last class open to candidates on the eligibility list established after the May 22, 1999 examination. Upon inquiry, the Town informed Gallo that he ranked first on the eligibility list, but that the Police Department had advised the Town that he should not be considered for appointment because the Police Department wanted to disqualify him pursuant to Section 50. According to the complaint, this representation "effectively removed" him from the eligible list and "deprived him of an opportunity" for appointment as

a police officer for the Town before April 2002.

On May 1, 2002, Gallo commenced this action. In papers dated June 3, 2002, the defendants move to dismiss the complaint for lack of subject matter jurisdiction, or alternatively, for failure to state a claim under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on the grounds that (1) Gallo fails to allege facts sufficient to invoke federal jurisdiction in this action; and (2) Gallo has no legally protected property interest to a civil service appointment as a police officer.

## II. DISCUSSION

### A. Rule 12(b)(1)

When considering a motion to dismiss the complaint for lack of subject matter jurisdiction under Rule 12(b)(1), the Court may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional question. *See Robinson v. Gov't of Malaysia*, 269 F.3d 133, 141 n. 6 (2d Cir.2001); *Antares Aircraft, L.P. v. Fed. Rep. of Nigeria*, 948 F.2d 90, 96 (2d Cir.1991), *vacated on other grounds*, 505 U.S. 1215, 112 S.Ct. 3020, 120 L.Ed.2d 892 (1992); *Exch. Nat'l Bank of Chicago v. Touche Ross & Co.*, 544 F.2d 1126, 1130 (2d Cir.1976). Under Rule 12(b)(1), the court must accept as true all material factual allegations in the complaint but will not draw inferences favorable to the party asserting jurisdiction. *See Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir.1998); *Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir.1992). Hearsay statements contained in the affidavits may not be considered. *See Kamen v. AT & T*, 791 F.2d 1006, 1011 (2d Cir.1986).

Title 28 U.S.C. § 1331 provides that "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "A non-frivolous allegation of a cause of action under federal law suffices to invoke federal court jurisdiction." *Monsky v. Moraghan*, 127 F.3d 243, 245 (2d Cir.1997). In the present case, the Court finds that jurisdiction exists under Section 1331 because the action arises under federal law, namely Section 1983. Accordingly, the motion to dismiss the complaint for lack of subject matter jurisdiction is denied.

### B. Rule 12(b)(6)

#### 1. Standard

On a motion to dismiss for failure to state a claim, the Court should dismiss the complaint pursuant to Rule 12(b)(6) only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his complaint which would entitle him to relief. *See King v. Simpson*, 189 F.3d 284, 286 (2d Cir.1999); *Bernheim v. Litt*, 79 F.3d 318, 321 (2d Cir.1996). The Court must confine its consideration "to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Israel Discount Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir.1999); *Hayden v. County of Nassau*, 180 F.3d 42, 54 (2d Cir.1999). Furthermore, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Koppel v. 4987 Corp.*, 167 F.3d 125, 127 (2d Cir.1999); *Jaghory v. New York State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997).

The issue to consider is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. *See Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir.1995). Indeed, it is not the Court's

function to weigh the evidence that might be presented at trial; instead, the Court must merely determine whether the complaint itself is legally sufficient. *Id.*

### 2. Plaintiff's Constitutional Claims

■ Gallo claims that the defendants violated his due process rights by not processing his application for appointment to become a police officer. To establish a due process violation, Gallo must show that he " 'possessed a protected liberty or property interest, and that he was deprived of that interest without due process.' " *McMenemy v. City of Rochester,* 241 F.3d 279, 286 (2d Cir.2001) (citing *Hynes v. Squillace,* 143 F.3d 653, 658 (2d Cir.1998)).

It is well-established that property interests are not created by the Constitution, but are " 'created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Ciambriello v. County of Nassau,* 292 F.3d 307, 313 (2d Cir.2002) (citing *Bd. of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972)). Thus, if Gallo had a property interest of which he was deprived, that interest arose under New York law.

The defendants assert that Gallo fails to state a claim pursuant to Rule 12(b)(6) because successful completion of the civil service exam did not create a cognizable property right. On the other hand, Gallo asserts that although he ranked first on the candidate eligibility list, the defendants refused to process his application for appointment; thereby depriving him of an opportunity to be appointed as a police officer.

To support his assertion, Gallo points to New York Civil Service Law Section 61(1) which states that "[a]ppointment ... from an eligible list to a position in the competitive class shall be made by the selection of one of the three persons certified by the appropriate civil service commission as standing highest on such eligible list who are willing to accept such appointment or promotion." However, the New York State Court of Appeals has held that factors aside from examination performance can be taken into account in making civil service appointments and has explained that "[a]n individual's ability to achieve a high examination score does not necessarily demonstrate his capacity to perform the actual duties of a particular civil service position. Moreover, examination success cannot reveal any possible defects of personality, character or disposition which may impair the performance of one's duties in a position." *Cassidy v. Municipal Civ. Serv. Comm'n,* 37 N.Y.2d 526, 529, 375 N.Y.S.2d 300, 302, 337 N.E.2d 752 (1975).

Furthermore, in recognizing that a candidate for appointment has no constitutionally protected right to a civil service position under New York law, the New York Court of Appeals has stated that:

Our decisions repeatedly have acknowledged the importance of the discretionary governmental appointive power embodied in Civil Service § 61, and have rejected attempts to invoke the aid of the courts to limit the reasonable exercise of that discretion (*see City of Schenectady v. State Div. of Human Rights,* 37 N.Y.2d 421, 430, 373 N.Y.S.2d 59, 335 N.E.2d 290; *Matter of Cassidy v. Municipal Civ. Serv. Comm'n.,* 37 N.Y.2d 526, 375 N.Y.S.2d 300, 337 N.E.2d 752; *Matter of Berger v. Walsh,* 291 N.Y. 220, 223, 52 N.E.2d 105). Consistent with our adherence to the historical policy upon which Civil Service § 61 is based, we have held that a person successfully

passing a competitive Civil Service examination does not acquire any "legally protectible interest" in an appointment to the position for which the examination was given (*Matter of Cassidy v. Municipal Civ. Serv. Comm'n., supra,* at 529, 375 N.Y.S.2d 300, 337 N.E.2d 752; *see also, Matter of Deas v. Levitt,* 73 N.Y.2d 525, 532, 541 N.Y.S.2d 958, 539 N.E.2d 1086, *cert. denied,* 493 U.S. 933, 110 S.Ct. 324, 107 L.Ed.2d 314), nor "thereby gain a vested right to appointment to the position" (*Hurley v. Board of Educ.,* 270 N.Y. 275, 279, 200 N.E. 818).

*Andriola v. Ortiz,* 82 N.Y.2d 320, 324, 604 N.Y.S.2d 530, 532, 624 N.E.2d 667 (1993). Therefore, "merely having passed a civil service examination does not create 'any mandated right to appointment or any other legally protectible interest.'" *Kirkland v. New York State Dep't of Correctional Servs.,* 711 F.2d 1117, 1134 (2d Cir.1993) (quoting *Cassidy v. Municipal Civ. Serv. Comm'n,* 37 N.Y.2d 526, 529, 375 N.Y.S.2d 300, 337 N.E.2d 752 (1975). Indeed, the Supreme Court has held that "to have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it." *Bd. of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Because Gallo did not have "a legitimate claim of entitlement" to be appointed as a police officer, the Court finds that he has no cognizable property interest. *Id.* "Where no constitutionally protected property interest is at stake, there is no basis for a federal court to examine the claim that the procedures actually followed were not proper." *Flood v. County of Suffolk,* 820 F.Supp. 709, 713 (E.D.N.Y.1993).

█ Further, to the extent that Gallo asserts an equal protection claim, that claim must be similarly dismissed. To bring an action under the Equal Protection Clause, the plaintiff must show that: (1) he was selectively treated compared with others similarly situated, and (2) the selective treatment was based on impermissible considerations, such as membership in a suspect class, intent to inhibit or punish the exercise of a constitutional right, or malicious or bad faith intent to injure. *Crowley v. Courville,* 76 F.3d 47, 52–53 (2d Cir.1996); *LaTrieste Restaurant & Cabaret v. Village of Port Chester,* 40 F.3d 587, 590 (2d Cir.1994). Failure to satisfy either prong of the test requires dismissal of the plaintiff's claim. *Penlyn Development Corp. v. The Incorporated Village of Lloyd Harbor,* 51 F.Supp.2d 255, 264 (E.D.N.Y. 1999). Here, the plaintiff provides only conclusory assertions. Nowhere in the complaint does Gallo set forth any facts tending to support that he was treated differently from others similarly situated or that the defendants' treatment was based on impermissible considerations. Accordingly, the defendants' motion to dismiss is granted.

### III. CONCLUSIONS

Based on the foregoing, it is hereby

**ORDERED,** that the defendants' motion to dismiss the complaint for lack of subject matter jurisdiction is **DENIED;** and it is further

**ORDERED,** that the defendants' motion to dismiss the complaint for failure to state a claim is **GRANTED,**

**ORDERED,** that the plaintiff is permitted to file an amended complaint with regard to his equal protection claim against the defendants within 30 days from the date of this order and that the failure to do so will result in the dismissal of the case with prejudice; and it is further

**ORDERED,** that the Clerk of the Court is directed to close this case if the plaintiff

does not file an amended complaint as stated above.

**SO ORDERED.**