**Mary Ellen JANNSEN, Plaintiff–Appellant,**

v.

**Judith V. CONDO, Director of Albany County Rape Crisis Center, and County of Albany, Defendants–Appellees.**

**No. 511, Docket 96–7494.**

United States Court of Appeals, Second Circuit.

Argued Nov. 19, 1996.

Decided Nov. 22, 1996.

---

1. In any event, the cultivation of marijuana for personal consumption most likely *does* substantially affect interstate commerce. This is so because "it supplies a need of the man who grew it which would otherwise be reflected by purchases in the open market." · *Wickard v. Filburn,* 317 U.S. 111, 128, 63 S.Ct. 82, 91, 87 L.Ed. 122 (1942). As such, there is "no doubt that Congress may properly have considered that [marijuana] consumed on the [property] where grown if wholly outside the scheme of regulation would have a substantial effect" on interstate commerce. *Id.* at 128–29, 63 S.Ct. at 90–91.

Amardeep S. Rana, Mechanicville, NY, for Plaintiff–Appellant.

Camille S. Jobin–Davis, Ainsworth, Sullivan, Tracy, Knauf, Warner & Ruslander, P.C., Albany, NY, for Defendants–Appellees.

Before WINTER, ALTIMARI, and WALKER, Circuit Judges.

PER CURIAM:

Mary Ellen Jannsen appeals from Judge Hillman's order granting summary judgment on behalf of the defendants, Judith V. Condo, Director of the Albany County Rape Crisis Center, and the County of Albany, and denying Jannsen's cross-motion for summary judgment, pursuant to Rule 56, Fed.R.Civ.P. Jannsen's 42 U.S.C. § 1983 complaint alleges that she was terminated from her Clerk–Typist position at the Albany County Rape Crisis Center, in violation of property and liberty interests implicated by the Fourteenth Amendment. Jannsen argues that

the district court erred in finding no genuine issue of material · fact concerning these claims. *See Jannsen v. Condo,* No. 92–CV–331 (N.D.N.Y. March 20, 1996). We review the record *de novo. Litton Indus., Inc. v. Lehman Brothers Kuhn Loeb Inc.,* 967 F.2d 742, 746 (2d Cir.1992). The district court found that, under New York state law, Jannsen was a probationary employee when she was terminated; Jannsen does not contest this conclusion.

█ Jannsen's first claim, that she was deprived of a property interest created by New York State Civil Service Rule 4.5 when her employer allegedly failed to follow required evaluation procedures for probationary employees, is without merit. Jannsen has no property interest in an employment procedure where, as a probationary employee, she has no entitlement to the employment. Property interests "are created and their dimensions are defined by existing rules or understandings ... rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). Where state law defines an employment position as probationary, the employee lacks a "legal claim of entitlement" and therefore lacks a property interest in the expectation of continued employment. *Donato v. Plainview–Old Bethpage Central Sch. Dist.,* 96 F.3d 623, 629–30 (2d Cir.1996). Where there is no property interest in the employment, there can be no property interest in the procedures that follow from the employment. *See id.* (no property interest in notification requirements of New York Education Law § 3031 where employment was probationary); *Flood v. County of Suffolk,* 820 F.Supp. 709, 713 (E.D.N.Y.1993) ("Where no constitutionally protected property interest is at stake, there is no basis for a federal court to examine the claim that the procedures actually followed were not proper."). Therefore, Jannsen's claim of an unconstitutional deprivation of a property interest fails.

█ Jannsen further alleges that she was unconstitutionally deprived of a liberty interest when Condo placed letters in her personnel file that stigmatized her by implying that she was mentally unfit to perform her job duties. We have held that a liberty interest is implicated where defamatory statements, made in connection with a probationary employee's termination, "denigrate the employee's competence as a professional and impugn the employee's professional reputation in such a fashion as to effectively put a significant roadblock in that employee's continued ability to practice his or her profession." *Donato,* 96 F.3d at 630–31. If Condo's letters, describing Jannsen as being unable "to differentiate between real or imagined acts" and making false accusations against her fellow workers, were in fact untruthful, they may have created a stigma of mental illness sufficient to implicate a liberty interest. *See id.* at 633. However, Jannsen has never contested the truth of the potentially stigmatizing remarks. Jannsen contests only portions of the letters that, even if untrue, do not rise to the level of stigma necessary to establish a liberty interest under *Donato.* She argues that an instruction to "avoid stress" was made, not by her doctor, but rather by a hospital discharge form and that Condo's accusation of leaving the office door open on August 18 was false. Whether or not true, these statements would hardly serve as a significant impediment to Jannsen's pursuit of her profession. *Compare id.* at 631 (finding liberty interest where the disputed statements constituted "extensively detailed lists of [appellant's] supposed professional failings"); *see also Jannsen v. Condo,* No. 92–CV–331 (N.D.N.Y. March 20, 1996).

█ Similarly, Jannsen's claim that she was deprived of liberty and property interests in an entitlement to a leave of absence and a hearing, as set out in New York State Civil Service Law § 72, also ` fails. First, Jannsen lacks liberty and property interests in her employment, as stated above. Second, Section 72 does not create an entitlement because it provides a *discretionary* course of action for employers, stating, in relevant part:

> When in the judgment of an appointing authority an employee is unable to perform the duties of his or her position by reason of a disability ... the appointing authority

*may* require such employee to undergo a medical examination.... If, upon such medical examination, such medical officer shall certify that such employee is not physically or mentally fit to perform the duties of his or her position, the appointing authority shall notify such employee that he or she *may* be placed on leave of absence.... The appointing authority will afford the employee a hearing within thirty days of the date of a request by the employee....

(emphasis added.) This section · does not mandate the employer to grant a leave of absence and a corresponding hearing, but rather permits the procedure. We reject Jannsen's claim of a due process violation in the denial of Section 72 procedures.

Jannsen having failed to demonstrate genuine issues of material fact, we affirm.