Robert D. FARRISH, Plaintiff–Appellant,

v.

TOWN OF EAST HARTFORD, James W. Shay, Chief of Police, C. Daniel Thayer, Police Commander, Jeffrey Vannais, Supervisor, Donna Terragna, Telecommunications Operator, Paula Brown, Telecommunications Operator, Kelli–Lynn Boucher, Telecommunications Operator, Individually and in their official capacities, Defendants–Appellees.

No. 00–7578.

United States Court of Appeals, Second Circuit.

Jan. 18, 2001.

James S. Brewer, West Hartford, CT, for appellant.

Scott M. Karsten, Sack, Spector & Karsten, West Hartford, CT, for appellees.

Present KEARSE, JACOBS and CABRANES, Circuit Judges.

*SUMMARY ORDER*

This cause came on to be heard on the record from the United States District Court for the District of Connecticut, and was argued by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.

Plaintiff Robert D. Farrish appeals from a judgment of the United States District Court for the District of Connecticut, Ellen Bree Burns, *Judge*, dismissing his complaint alleging principally that defendants Town of East Hartford *et al.* (the "Town") terminated his employment with the Town in violation of his rights under the Due Process Clause, the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*, as amended ("ADA"), and Title VII of the Civil Rights Act of 1964, 42 U.S.C.

§ 2000e *et seq.*, as amended by the Civil Rights Act of 1990 ("Title VII"). On appeal, Farrish contends, *inter alia,* that the granting of summary judgment was improper in light of the district court's earlier finding of genuine issues of fact to be tried and that the court should not have dismissed his claims. Finding no basis for reversal, we affirm.

■ Farrish's contention that the district court could not properly grant summary judgment because it had previously concluded that there were triable issues of fact has no merit. The denial of a motion to dismiss is an interlocutory order; all interlocutory orders remain subject to modification or adjustment prior to the entry of a final judgment adjudicating the claims to which they pertain. *See* Fed. R.Civ.P. 54(b); *United States v. LoRusso,* 695 F.2d 45, 53 (2d Cir.1982) ("whether the case *sub judice* be civil or criminal[,] so long as the district court has jurisdiction over the case, it possesses inherent power over interlocutory orders, and can reconsider them when it is consonant with justice to do so" (internal quotation marks omitted)), *cert. denied,* 460 U.S. 1070, 103 S.Ct. 1525, 75 L.Ed.2d 948 (1983). Accordingly, the court's earlier decision was not a bar to summary judgment on a proper record. We thus turn to the merits.

■ Before an individual may properly claim that he has been denied procedural due process by discharge from government employment, he must first establish that he has a property interest in his position. *See, e.g., Board of Regents v. Roth,* 408 U.S. 564, 569, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). A property interest may be created by a state-law provision that the employee may not be fired except for cause. *See, e.g., Perry v. Sindermann,* 408 U.S. 593, 602–03, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972). On the other hand, an interest that state law permits to be terminated at

the whim of another person is not a property right that is protected by the Due Process Clause. *See, e.g., Bishop v. Wood,* 426 U.S. 341, 345–47, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976). Under Connecticut law, a "probationary employee, in the absence of legislation, is not entitled to the protective procedure accorded a career or permanent employee." *Millard v. Connecticut Personnel Appeal Board,* 170 Conn. 541, 547, 368 A.2d 121, 124 (1976); *see Jannsen v. Condo,* 101 F.3d 14, 16 (2d Cir.1996) (per curiam) ("Where state law defines an employment position as probationary, the employee lacks a legal claim of entitlement and therefore lacks a property interest in the expectation of continued employment." (internal quotation marks omitted)). "Where there is no property interest in the employment, there can be no property interest in the procedures that follow from the employment." *Id.*

In the present case, there is no dispute that Farrish was employed by the Town as an emergency dispatcher of police and fire services on a probationary basis; that the Town of East Hartford Personnel Rules and Merit System ("Town Personnel Rules") gave the Town discretion to terminate an employee during the probationary period "if, *in the opinion* of the appointing authority the working test indicate[d] that such employee [wa]s unable or unwilling to perform the duties of the position satisfactorily or that his habits and dependability d[id] not merit his continuance in the service" (Town Personnel Rule 36.1 (emphasis added)); that a probationary employee was not allowed to appeal a dismissal that occurred during the probationary period; and that under the Town's collective bargaining agreement with the municipal employees' union, a probationary employee could not use the union grievance procedure to complain of a termination. These facts made it clear as a matter of law that

Farrish had no property interest in his position as a probationary dispatcher. Accordingly, his due process claim was properly dismissed.

Nor do we see any error in the dismissal of Farrish's claims under Title VII or the ADA. The claim that Farrish was subjected to a hostile work environment on the basis of gender in violation of Title VII was supported only by conclusory assertions, not by any evidence sufficient to permit an inference that he was the victim of sex discrimination. Farrish also failed to present any evidence to support an inference that he suffered from a disability within the meaning of the ADA, 42 U.S.C. § 12102(2), in that he did not indicate that he was substantially limited in any major life activity, *see, e.g.*, 29 C.F.R. § 1630.2(j) (2000). Accordingly, these claims too were properly dismissed.

The appeal also purports to challenge an order imposing sanctions on Farrish's attorney. However, no separate notice of appeal was filed on behalf of counsel, and the notice of appeal filed on behalf of Farrish does not designate the attorney as an appellant or indicate the attorney's intent to participate in the appeal as a party. Accordingly, we lack jurisdiction to entertain the challenge to the award of sanctions against counsel. *See, e.g.*, Fed. R.App .P. 3(c); *Ayee v. Paramount Communications Inc.*, 114 F.3d 395, 399–400 (2d Cir.1997).

We have considered all of Farrish's challenges to the dismissal of his complaint and have found in them no basis for reversal. The judgment of the district court is affirmed.