09-4187-cv
Etere v. City of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of June, two thousand ten.

PRESENT:   REENA RAGGI,
                     GERARD E. LYNCH,
                     J. CLIFFORD WALLACE,[*]
                              *Circuit Judges*.

-----------------------------------------------------------------
EMMANUEL ETERE,

                     *Plaintiff-Appellant*,

                     v.                                                          No. 09-4187-cv

THE CITY OF NEW YORK, THE NEW YORK
CITY DEPARTMENT OF CORRECTIONS,
MARTIN HORN, CAROLINE THOMAS, ROBERT
SHAW, LIONEL LORQUET, DWP WILLIAM
DIAZ, CAPTAIN DEMETRICE BEST, MICHAEL
O'LEARY, RICHARD VAZQUEZ,

                     *Defendants-Appellee*s.
-----------------------------------------------------------------

[*] Circuit Judge J. Clifford Wallace of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

APPEARING FOR APPELLANT:        EMMANUEL ETERE, *pro se*, Bay Shore, New York.

APPEARING FOR APPELLEES:        DRAKE COLLEY (Edward F.X. Hart, Leonard Koerner, of counsel, *on the brief*), *for* Michael A. Cardozo, Corporation Counsel of the City of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Sidney H. Stein, *Judge*.)

UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Pro se plaintiff Emmanuel Etere, a former provisional employee of the New York City Department of Corrections ("DOC"), appeals from the district court's dismissal under Fed. R. Civ. P. 12(b)(6) of his complaint pursuant to 42 U.S.C. § 1983 alleging that defendants deprived him of a property interest without due process of law by suspending him and terminating his employment.[1]  We review such a dismissal de novo, "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor."  Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002).  In applying this standard, we assume familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision

---

[1] On appeal, Etere does not pursue his claims that defendants (1) deprived him of a liberty interest without due process by damaging his prospects of future employment and (2) negligently caused him to sustain personal injury.  Accordingly, we deem those claims abandoned.  See Hobbs v. County of Westchester, 397 F.3d 133, 147 (2d Cir. 2005); LoSacco v. City of Middletown, 71 F.3d 88, 92-93 (2d Cir. 1995).

2

to affirm.

A plaintiff asserting a procedural due process claim under § 1983 must show that "a government entity deprived [him] of a right secured by law." Finley v. Giacobbe, 79 F.3d 1285, 1296 (2d Cir. 1996). A property interest in employment may be the subject of a due process claim only if the plaintiff has "a legitimate claim of entitlement to it." Board of Regents of State Colls. v. Roth, 408 U.S. 564, 577 (1972). Such an interest is established not by the Constitution but by "existing rules or understandings that stem from an independent source such as state law-rules . . . ." Id.

Under New York law, a provisional employee "has no property rights in his position and may be lawfully discharged without a hearing and without any stated specific reason." Finley v. Giacobbe, 79 F.3d at 1297 (internal quotation marks omitted); accord Brennan v. N.Y. City Bd. of Educ., 260 F.3d 123, 130 (2d Cir. 2001). Further, because a provisional employee has "no property interest in the employment, there can be no property interest in the procedures that follow from the employment." Jannsen v. Condo, 101 F.3d 14, 16 (2d Cir. 1996).

Etere concedes that he was a provisional employee. As such, he lacked a property interest either in his employment or in any related procedural protections, such as notice of the reasons for his suspension or a pre-termination hearing. Thus, Etere cannot state a claim for the deprivation of property without due process based on defendants' failure to afford him such protections. Nor can Etere state a due process claim for retaliation based on his

3

assertion of procedural rights that he did not possess.[2]  Accordingly, his complaint was properly dismissed.

We have considered Etere's other arguments on appeal, and we conclude that they are without merit.  The judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[2] Because Etere's provisional employment did not entitle him to any procedural protections, we need not consider his contention that the district court erred by declining to take judicial notice of DOC regulations allegedly describing such protections.